UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 09-12232 |
| LOUISIANA FILM STUDIOS, L.L.C. | SECTION "A" |
| Debtor | (Chapter 11 - Involuntary) |

******************************************************************************

**EMERGENCY MOTION TO APPOINT CHAPTER 11 TRUSTEE OR FOR ORDER TO PREVENT WASTE PURSUANT TO SECTION 303(f)**

**NOW INTO COURT,** through undersigned counsel, come the petitioning creditors named below who, pursuant to 11 U.S.C. § 1104(a) and/or 11 U.S.C. § 303(f) ,who hereby move for entry of an order directing the appointment of a Chapter 11 trustee and/or an Order pursuant to Section 303(f) to prevent potential waste of the assets of the Estate

**Background**

1.

An involuntary Petition for relief under Chapter 11 of the Bankruptcy Code, was filed against the debtor, Louisiana Film Studios, L.L.C. ("LFS" or "Debtor") by movers on the 23rd day of July, 2009. The Debtor has not responded to the involuntary Petition.

2.

The Debtor supposedly is the owner or lessee of "Louisiana's largest integrated studio- 25 acres and 525,000 square feet of warehouses, sound stages, and office space" located at 600 Edwards Avenue, Elmwood, Louisiana ("the Facility"). On information and belief, the Facility is at least partially completed and capable of generating revenue for the benefit of creditors.

3.

LFS has been mismanaged from its inception by Wayne Read who is supposedly its sole member; on information and belief, LFS is just the latest iteration of a long-standing scheme by Read and unknown others to "fleece" creditors, such as Movers, and to use the funds the provide for his own purposes rather than for the intended benefit to LFS[1].

4.

On information and belief, LFS obtained millions of dollars based on the promise to repay those loans with "Louisiana film tax credits" and incurred millions of dollars of additional unpaid debt for construction, equipment, supplies, and the like supposedly to be used in LFS's business.

5.

On information and belief, LFS and Wayne Read are continuing to seek so-called "investors " by marketing the same property and using the same scheme referenced in the instant Motion; it is likely to attempt to encumber the assets of the estate to the detriment of Movers and other creditors

6.

Not only has LFS and its principal, Wayne Read, not paid any of the loans with film tax credits but LFS did <u>not</u> even timely apply for such credits in the first instance!

7.

LFS and Wayne Read have well-publicized track record of broken promises, misrepresentations, and fraudulent assertions which make it more than reasonable and justifiable

---

[1] See attached civil suit filed on March 20, 2008, in Illinois against Wayne Read and the immediate predecessor to LFS, Mardi Gras Studios, LLC.

to believe that, unless a Trustee is appointed immediately to handle the affairs and take possession of the remaining assets of the Debtor, that LFS, while remaining under control of Wayne Read, will continue to waste, dispose of, or transfer assets without any or fair equivalent payment to LFS, all to the extreme and immediate prejudice of the Debtor's creditors, including Movers.

**Relief Requested**

8.

Movers seeks the immediate appointment of a Trustee pursuant to 11 U.S.C. 1104(a) in order to protect the assets of the debtor pending entry of the order for relief.

9.

Alternatively, Movers seek entry of an Order pursuant to Section 303(f) to prevent the assets of LFS, while remaining under control of Wayne Read, to be wasted, disposed of, or transferred outside the ordinary course of business and/or without any or fair equivalent payment to LFS, all to the extreme and immediate prejudice of the Debtor's creditors, including Movers.

**Law and Argument**

10.

Section 1104(a) provides that there are two alternate criteria for appointing a trustee in a Chapter 11 reorganization. In relevant part, Section 1104(a) states that:

> (a) At any time after the commencement of the case but before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
>   (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management either before or after the commencement of the case, or similar cause, or

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor. . .

Though a determination of cause . . . is within the discretion of the court, if cause is shown under Section 1104(a)(1), the appointment of a trustee is <u>mandatory</u>. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1228 (3rd Cir. 1989); *In re Suncruz Casinos, LLC,* 298 B.R. 821, 828 (Bankr.S.D.Fla. 2003) ([o]nce the court finds that cause exists under §1104(a)(1), there is no discretion; an independent trustee must be appointed).

In contrast, finding cause to appoint a trustee under Section 1104(a)(2) can trigger the consideration of equitable issues, such as a cost-benefit analysis regarding the retention of a Trustee, whether a Trustee would be in the best interests of creditors, as well as the equity stakeholders involved. *See, e.g. In re Cardinal Industries,* 109 B.R. 755, 766 (Bankr. S.D. Ohio 1990); *In re V Savino Oil & Heating, Inc.*, 99 B.R. 518, 525 (Bankr.E.D.N.Y. 1989). That being said, if the Court finds that a Trustee is necessary to protect parties in interest, the cost/protection factor must necessarily supersede a cost/benefit factor, even to the extent of a depletion of the estate. *In re Suncruz Casinos, LLC,* 298 B.R. at 828, *quoting Matter of Hamiel & Sons, Inc.*, 20 B.R. 830, 832 (Bankr. Ohio 1982).

11.

In the instant case, cause exists for the immediate appointment of a Chapter 11 trustee due to the likelihood that LFS, while remaining under control of Wayne Read, will continue to waste, dispose of, or transfer assets without any or fair equivalent payment to LFS, all to the extreme and immediate prejudice of the Debtor's creditors,.

12.

The relief sought herein is also in the interest of the creditors and the estate. For the reasons outlined above, appointment of a trustee is necessary to maintain the value of the estate assets and to maximize the distributions to creditors.

13.

The necessary oversight and controls that would be afforded by appointment of a trustee would significantly outweigh the associated costs.

14.

Bankruptcy Code § 303(f) states that "[n]othwithstanding section 363 of this title, *except to the extent that the court orders otherwise,* any business of the debtor may continue to operate." (emphasis added). The phrase "except to the extent the court orders otherwise" grants the court authority to limit the operations of the debtor during the gap period between the filing and entry of the Order for Relief. 5 Norton Bankr. L. & PRac. 3d § 99:4

15.

The need for such court intervention is apparent when the debtor may abscond with assets, dispose of assets for less than adequate consideration, or dismantle the business. H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 323 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess. 33 (1978); In re Wilson, 62 B.R. 43, 46, 14 Bankr. Ct. Dec. (CRR) 1144 (E.D. Tenn. 1985) (noting that "[s]ection 303(f) permits the Bankruptcy Court to stay any business transactions it fears will jeopardize the rights of creditors"). In such cases, the court must balance the creditors' interests in preserving the estate and the interests of the debtor in being free from creditor interference until the court has had an opportunity to rule. Matter of Beaucrest Realty Associates, 4 B.R. 164, 6 Bankr. Ct. Dec. (CRR) 364, 2 Collier Bankr. Cas. 2d (MB) 66 (Bankr. E.D. N.Y. 1980).

16.

Accordingly, in the alternative if this Court denies immediate appointment of a Chapter 11 Trustee, the past conduct of this Debtor while under the control of Wayne Read mandates entry of appropriate order pursuant to Section 303(f) to prevent the assets of LFS, while remaining under control of Wayne Read, to be wasted, disposed of, or transferred outside the ordinary course of business and/or without any or fair equivalent payment to LFS.

WHEREFORE, Movers pray that, after expedited notice and a hearing on the matter, this Honorable Court enter an order providing for the immediate appointment of a Chapter 11 trustee; alternatively, that it enter an order pursuant to Section 303(f) to prevent the assets of LFS, while remaining under control of Wayne Read, to be wasted, disposed of, or transferred outside the ordinary course of business and/or without any or fair equivalent payment to LFS; and, for any and all other relief to which they may be entitled.

    Respectfully Submitted by Attorneys for Jay Dykes, Kevin Houser, Mitch Berger, Scott Shanle, and Glenn Pakulak

**STEFFES, VINGIELLO & MCKENZIE, LLC**
13702 Coursey Blvd., Building 3
Baton Rouge, LA  70817
Telephone: (225) 751-1751
Facsimile: (225) 751-1998
Email: bsteffes@steffeslaw.com

By: /s/ *William E. Steffes*
William E. Steffes (#12426)

By attorneys for 47 Construction, LLC

/s/ Jimmy A. Castex, Jr.                    .
JIMMY A. CASTEX, JR. (#24339)
DEUTSCH, KERRIGAN & STILES, LLP
755 Magazine Street
New Orleans, LA   70130
Tel. No. (504) 593-0607
Fax No. (504) 566-4065
Jacastex@dkslaw.com)