**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-12232 |
| | § | |
| LOUISIANA FILM STUDIOS, L.L.C. | § | CHAPTER 7 |
| | § | |
|     DEBTOR | § | SECTION "A" |
| | § | |
| | § | JUDGE MAGNER |
| GERALD H. SCHIFF, TRUSTEE | § | |
|     Plaintiff | § | |
| | § | |
| VERSUS | § | ADVERSARY NO. _____ |
| | § | |
| POINTE STUDIOS, LLC | § | |
| MARK V. WALTER | § | |
|     Defendant | § | |

_____

**COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes Gerald H. Schiff, Chapter 7 Trustee ("Trustee"), who with respect represents:

1.

On July 23, 2009 (the "Petition Date"), an involuntary Chapter 11 petition was filed against Louisiana Film Studios, L.L.C. ("Debtor").

2.

On August 21, 2009, this Court entered an Order approving the appointment of Gerald H. Schiff as Chapter 11 Trustee of the Debtor's estate. The case was subsequently converted to a Chapter 7 case pursuant to this Court's Order dated February 22, 2010, and on February 23, 2010, Gerald H. Schiff was appointed as Chapter 7 Trustee.

- 2 -

3.

This adversary proceeding arises under Title 11 of the United States Code and arises out of and relates to the Chapter 7 case of the Debtor, Case Number 09-12232 "A," now pending in this Court.

4.

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b)(2).

5.

Made defendants herein are the following:

(i) Pointe Studios, LLC a California Limited Liability Company with its principal place of business located in Hawthorne, California; and

(ii) Mark V. Walter, a person of the full age of majority and resident of Hawthorne, California.

(collectively, "Defendants").

6.

Beginning on or about January 5, 2009, the Debtor transferred at least $55,000.00 to the Defendants (the "Transfers"). The Transfers were made in order to satisfy amounts and/or obligations claimed to be due and owing to Defendants for "consulting" services.

7.

The Transfers were made and any obligations were incurred within two years of the Petition Date.

8.

The Debtor received less than reasonably equivalent value in exchange for the Transfers

- 2 -

and/or any obligations incurred in relation to the Transfers.

9.

Based upon a review of the Debtor's financial records, including but not limited to the Debtor's Bank Statements and obligations owed to third parties based upon the alleged purchase of tax credits, at the time of the Transfers and/or any obligations incurred in relation to the Transfers, the Debtor (i) was insolvent or became insolvent as a result of such Transfers; (ii) was engaged in or was about to engage in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; and/or (iii) intended to incur, or believed he would incur, debts that would be beyond the Debtor's ability to pay such debts as they matured.

10.

By reason of the foregoing, the Transfers and/or any obligations incurred in relation to the Transfers are voidable pursuant to 11 U.S.C. §548(a)(1)(B), and the Defendants are liable as the initial transferees under 11 U.S.C. §550.

11.

Additionally, and/or alternatively, the Transfers and/or any obligations incurred in relation to the Transfers were made with the actual intent to hinder, delay, or defraud the creditors of the Debtor.

12.

By reason of the foregoing, the Transfers and/or any obligations incurred in relation to the Transfers are voidable pursuant to 11 U.S.C. §548(a)(1)(A), and the Defendants are liable as the initial transferees under 11 U.S.C. §550.

13.

To the extent that the claims herein arise pursuant to 11 U.S.C. §544(b), the Trustee is asserting the rights of creditors with unsecured claims allowable in the bankruptcy case, including without limitation, United Rentals, L.L.C. and Entergy Louisiana, L.L.C., who were creditors at the time of the Transfers and/or became creditors after the Transfers and/or any obligations incurred in relation to the Transfers, and who could avoid the Transfers under the California Uniform Fraudulent Transfer Act, the Louisiana Revocatory Action and fraudulent transfer laws, and other applicable state law.

14.

By reason of the foregoing, the Transfers are voidable pursuant to 11 U.S.C. §544(b) and applicable state law, including without limitation, the Louisiana Revocatory Action, La. Civ. Code art. 2036, *et seq.*, and the California Uniform Fraudulent Transfer Act. The Defendants are liable as initial transferees under 11 U.S.C. §550.

**WHEREFORE**, the Trustee prays that this Court render judgment against Defendants as follows:

   a. Avoiding the Transfers and/or any obligations incurred in relation to the Transfers pursuant to 11 U.S.C. §548(a)(1)(B) and/or §548(a)(1)(A);

   b. Avoiding the Transfers and/or any obligations incurred in relation to the Transfers pursuant to 11 U.S.C. §544(b) and applicable state law, including without limitation the Louisiana Revocatory Action, La. Civ. Code art. 2036, *et seq.*, and the California Uniform Fraudulent Transfer Act;

   c. Awarding the return of the Transfers and/or any obligations incurred in relation to the Transfers or the value thereof from Defendants as initial transferees pursuant to 11 U.S.C. §550, plus interest from the date of the Transfers;

   d. Awarding the Trustee the costs of this action; and

   e. Awarding such other and further relief as is just.

- 5 -

Respectfully Submitted,

*/s/ Gerald H. Schiff*
Gerald H. Schiff Chapter 7 Trustee (LABN 11775)
**GORDON, ARATA, MCCOLLAM,
 DUPLANTIS, & EAGAN, LLC**
400 East Kaliste Saloom Road, Suite 4200
Lafayette, LA 70508
Phone: (337) 237-0132
Facsimile: (337) 237-3451
Email: gschiff@gordonarata.com
-and-

*/s/ Fernand L. Laudumiey, IV*
David J. Messina (LABN 18341)
Fernand L. Laudumiey, IV (LABN 24518)
**GORDON, ARATA, McCOLLAM,
 DUPLANTIS & EAGAN, LLC**
201 St. Charles Ave., 40th Floor
New Orleans, Louisiana 70170-4000
Phone: (504) 582-1111
Facsimile: (225) 336-9763
Email: flaudumiey@gordonarata.com

*Attorneys for the Chapter 7
Trustee, Gerald H. Schiff*